UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | CRIMINAL NO. 4:14-CR-194-SDJ |
| | § | |
| JOE EDWARD CUMMINGS | § | |

## MEMORANDUM OPINION AND ORDER

After pleading guilty, Joe Edward Cummings was convicted of transportation of child pornography. The crime involved 3,690 images of child pornography, including images depicting prepubescent minors in sexually explicit poses, as well as scenes of sadistic and masochistic conduct involving adults. At the time of his offense, Cummings was employed as a law enforcement officer with the Sheriff's Department of Denton County, Texas.

On November 5, 2015, Cummings was sentenced to 151 months imprisonment. (Dkt. #50). Cummings has moved for compassionate release, citing elevated health risks and his rehabilitation while incarcerated. The motion will be denied.

## I. Compassionate-Release Motions

Compassionate-release motions are governed by 18 U.S.C. § 3582(c)(1)(A)(i). They can be filed by either the Director of the Bureau of Prisons ("BOP") or the defendant. Under this section, the Court may "reduce the term of imprisonment" and "impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment[.]" *Id.* § 3582(c)(1)(A)(i). The standard for granting relief is exacting. The court must find that (1) "'extraordinary and compelling reasons' justify a sentence reduction"; (2) such

1

a reduction "must be consistent with applicable policy statements issued by the Sentencing Commission"; and (3) "early release would be consistent with the sentencing factors in § 3553(a)." *United States v. Clark*, No. 24-10020, 2024 WL 4930383, at *1 (5th Cir. Dec. 2, 2024).

Because all three requirements must be met, the Fifth Circuit has "regularly affirmed the denial of a compassionate-release motion . . . where the district court's weighing of the [§] 3553(a) factors can independently support its judgment." *Id*. at *2 (quotation omitted). The sentencing factors under 18 U.S.C. § 3553(a) include the following:

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
>
> (2) the need for the sentence imposed
>
>> (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
>>
>> (B) to afford adequate deterrence to criminal conduct;
>>
>> (C) to protect the public from further crimes of the defendant; and
>>
>> (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.

18 U.S.C. § 3553(a). District courts have broad discretion in considering these factors. As the Supreme Court has observed, "the 'sentencing judge is in a superior position to find facts and judge their import under § 3553(a) in the individual case[.]'" *United States v. Rollins*, 53 F.4th 353, 359 (5th Cir. 2022) (quoting *Gall v. United States*, 552 U.S. 38, 51, 128 S.Ct. 586, 169 L.Ed.2d 445 (2007)).

In short, "compassionate release is discretionary, not mandatory, and could be refused after weighing the sentencing factors of 18 U.S.C. § 3553(a)." *United States v. Chambliss*, 948 F.3d 691, 693 (5th Cir. 2020).

## II. DISCUSSION

### A. Cummings Meets the Exhaustion Requirement.

Section 3582(c)(1)(A) imposes exhaustion requirements for compassionate-release requests from a defendant: they must "fully exhaust[] all administrative rights to appeal a failure of the [BOP] to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier[.]" Although this requirement is mandatory, the Fifth Circuit has treated it as "a nonjurisdictional claim-processing rule." *United States v. Franco*, 973 F.3d 465, 468 (5th Cir. 2020), *cert. denied*, 141 S.Ct. 920 (2020). And "mandatory but nonjurisdictional procedural filing requirements may be waived." *United States v. McLean*, Nos. 21-40015, 21-40017, 2022 WL 44618, at *1 (5th Cir. Jan. 5, 2022). Thus, if the Government fails to "invoke § 3582(c)(1)(A)'s exhaustion requirement as a basis for denying relief," that argument is deemed waived. *Id.*

Cummings has provided proof that he exhausted his administrative remedies before filing this motion. (Dkt. #54-2 at 4). Further, the Government responded to Defendant's motion and agreed that he exhausted his administrative remedies. (Dkt. #57 at 3). The Court therefore finds that Cummings has exhausted his administrative remedies.

3

### B. The 3553(a) Factors Do Not Favor Compassionate Release.

Cummings's compassionate-release motion turns on his concern that he has elevated health risks related to being overweight and suffering from hypertension, major depressive disorder, congenital heart abnormality, Methylenetetrahydrofolate Reductase (MTHFR), his potential exposure to COVID-19 during the pandemic, and gluten intolerance. (Dkt. #54). Cummings requests that the Court reduce his sentence, presumably to time served, and order him released from prison. In support, he claims that early release will allow him to manage his medical conditions more effectively. Cummings also points to his rehabilitation while incarcerated, noting that he has no infractions and has participated in numerous classes and programs offered by the BOP.

The Court need not consider, however, whether Cummings's medical conditions, taken together with his alleged rehabilitation, provide extraordinary and compelling reasons for compassionate release. That is because the Court has independently reviewed the sentencing factors under 18 U.S.C. § 3553(a), and they counsel against Cummings's early release. *See United States v. Grams*, No. 24-50686, 2025 WL 1079074, at *1 (5th Cir. Apr. 10, 2025) ("because the district court denied compassionate release based on its consideration of the applicable § 3553(a) factors, it was not required to consider Grams's arguments in support of extraordinary and compelling reasons") (quotations omitted).

Transportation of child pornography is a crime that victimizes the most vulnerable members of our society, and the circumstances of Cummings's offense are particularly awful. Cummings was part of a listserv of individuals who traded child pornography. Cummings repeatedly exchanged illicit images through email and links with other members, (Dkt. #43 ¶ 10), including images depicting prepubescent minors in sexually explicit poses, as well as scenes of sadistic and masochistic conduct involving adults. In total, Cummings was arrested with forty-eight videos and ninety still images totaling 3,690 images of child pornography.

It's hard to overstate the devastation wrought by Cummings's crime. The children exploited and abused in the images and videos he possessed and traded suffer terrible and ongoing harm. As the United States Supreme Court has recognized, it is "hard to grasp" the full extent of a child pornography victim's suffering. The abuser or abusers "take away [their] childhood, [their] self-conception of [their] innocence, and [their] freedom from the kind of nightmares and memories that most others will never know." *Paroline v. United States*, 572 U.S. 434, 441, 134 S.Ct. 1710, 188 L.Ed.2d 714 (2014). "These crimes are compounded by the distribution of images of an abuser's horrific acts, which means the wrongs inflicted upon the victim are in effect repeated; for he knows that his humiliation and hurt were and will be renewed into the future as an ever-increasing number of wrongdoers witness the crimes committed against him." *Id*.

Cummings's crime is made worse by the fact that he was a serving law enforcement officer when he engaged in this conduct. There are few betrayals of the

public trust more shocking and tragic than the circumstance of a law enforcement officer turning to crime. Police officers are trusted to honorably protect their communities. Cummings turned that role on its head, preying on children and inflicting untold harm.

Granting Cummings early release would not reflect the seriousness of his offense, nor would it promote respect for the law or provide just punishment. The Court also concludes that granting early release to Cummings would not serve to afford adequate deterrence to criminal conduct or protect the public from further crimes of this defendant. Finally, Cummings's participation in this offense indicates he is badly in need of treatment. The BOP can provide that treatment and should continue to do so until Cummings's sentence is completed. For these reasons, the Section 3553(a) factors confirm that Cummings's motion should be denied.

### III. CONCLUSION

Defendant Joe Edward Cummings's Motion for a Sentence Reduction Under 3582(c)(1)(A)(i), (Dkt. #54), is **DENIED**. His request for appointment of counsel is also **DENIED as moot**.

**So ORDERED and SIGNED this 28th day of April, 2025.**

SEAN D. JORDAN
UNITED STATES DISTRICT JUDGE